[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 1234.]

IN RE WOLFROM.

[Cite as *In re Wolfrom*, 1997-Ohio-67.]

(No. 97-1249—Submitted and decided August 28, 1997.)

ON MOTION FOR REINSTATEMENT.

———————————

{¶ 1} On July 11, 1997, this court suspended respondent, Carl T. Wolfrom, a.k.a. Carl Thompson Wolfrom, for an interim period pursuant to Gov.Bar R. V(5)(A)(4). On July 15, 1997, respondent filed a motion for reinstatement. On July 16, 1997, the Board of Commissioners on Grievances and Discipline submitted an entry pursuant to Gov.Bar R. V(5)(D)(1)(c), stating that respondent no longer was in default of the child support order previously submitted to the court on June 19, 1997. Upon consideration thereof,

{¶ 2} IT IS ORDERED by the court that pursuant to Gov.Bar R. V(5)(D)(1), respondent, Carl T. Wolfrom, a.k.a. Carl Thompson Wolfrom, Attorney Registration No. 0019564, be reinstated to the practice of law.

{¶ 3} IT IS FURTHER ORDERED by the court, *sua sponte*, that the requirements of this court's order dated July 11, 1997, requiring respondent to file with the Clerk of this court and with Disciplinary Counsel an affidavit of compliance on or before August 11, 1997, and to comply with Gov.Bar R. X(3)(G) be waived.

{¶ 4} IT IS FURTHER ORDERED that pursuant to Gov.Bar R. V(5)(D)(2), reinstatement of respondent shall not terminate any disciplinary proceedings that may be pending against respondent.

{¶ 5} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that

publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

{¶ 6} For earlier case, see *In re Wolfrom* (1997), 79 Ohio St.3d 1224, 681 N.E.2d 1336.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————